IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STATE OF ILLINOIS EX REL KEN ELDER, | ) ) ) ) ) |
| *Plaintiff-Relator* | ) ) No. 21 C 926 |
| v. | ) ) Judge Virginia M. Kendall |
| U.S. BANK N.A., | ) ) ) |
| *Defendant.* | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff-Relator Ken Elder brings suit on behalf of the State of Illinois alleging U.S. Bank N.A. violated the Illinois False Claims Act, 740 ILCS 175/1 *et seq.*, when it failed to escheat certain unclaimed cashier's checks to Illinois pursuant to the Illinois Revised Uniform Unclaimed Property Act, 765 ILCS 1026/15-101 *et seq*. Elder filed suit in the Circuit Court of Cook County and U.S. Bank removed the case to federal court. (Dkt. 1). Before the Court is Elder's motion to remand the case to the Circuit Court of Cook County. (Dkt. 17). For the following reasons, Elder's motion is granted.

**BACKGROUND**

**I.  State and Federal Escheatment Law**

The Illinois Revised Uniform Unclaimed Property Act ("IRUPA") provides for the escheatment of abandoned property to the State of Illinois. 765 ILCS § 1026/15-101 *et seq*. Specifically, "any instrument on which a financial organization or business association is directly liable" is presumed abandoned three years after its issuance, *id*. at § 15-201(3), and escheats to Illinois if the last-known address of the owner is in Illinois. *Id*. at § 15-302. This echoes the

federal common law rule set out in *Texas v. New Jersey*, 379 U.S. 674 (1965). With respect to traveler's checks, money orders, or any "similar instrument[,]" the IRUPA expressly incorporates the Federal Disposition of Abandoned Money Orders and Traveler's Checks Act ("FDA"), 12 § U.S.C. §§ 2501–03. The FDA provides that "any sum … payable on a money order, traveler's check, or other similar written instrument … on which a banking or financial organization or a business association is directly liable" escheats in the first instance to the state of purchase, rather than the state of the owner's last known address. *Id*. at § 2503. The IRUPA further requires financial organizations doing business in Illinois, like U.S. Bank, to file verified reports with the Illinois Treasurer each year identifying all abandoned property in their possession subject to escheatment pursuant to the IUPA. 765 ILCS § 15-401–403.

## II. Relator's Allegations

Elder alleges that since 2014, U.S. Bank has failed to turnover thousands of unclaimed and uncashed cashier's checks subject to mandatory escheatment and has submitted false reports to the Treasurer, failing to list these cashier's checks as abandoned property. (Dkt. 1-2 at ¶ 2). Instead, U.S. Bank improperly escheated the cashier's checks to the State of Ohio, which Elder alleges has more favorable escheatment laws than Illinois. (*Id*. at ¶¶ 25, 27). Elder further alleges U.S. Bank has failed to turnover or report the cashier's checks to Illinois despite maintaining internal records regarding "the identify of each check purchaser, the date of purchase, and the branch at which each check was purchased or issued." (*Id*. at ¶ 21). Additionally, Elder claims U.S. Bank knows the last known address of each check's owner because "USB only sells cashier's checks to its account holders whose last known address is maintained in USB's records." (*Id*.) Thus, Elder alleges U.S. Bank knew it had an obligation to escheat and report the cashier's checks to Illinois, but knowingly

disregarded such an obligation, in violation of the Illinois False Claims Act ("IFCA"), 740 ILCS 175/3. (*Id*. at ¶ 3).

## **LEGAL STANDARD**

A defendant may remove a case from state court to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441. District courts have original jurisdiction over cases arising under federal law. *Id*. at § 1331. "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "The party seeking removal bears the burden of proving the propriety of removal." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013).

"[A] case arises under federal law when federal law creates the cause of action asserted" or when "a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 257–58 (2013) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005)). This latter category of cases is, however, reserved for a "special and small category" of state law claims giving rise to federal jurisdiction. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). Generally, the "federal question must appear on the face of the complaint," and a federal defense does not provide a basis for removal. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987). Nonetheless, "a plaintiff may not defeat removal by omitting to plead a necessary federal question." *Rivet v. Regions Bank of La*, 522 U.S. 470, 475 (1998).

**DISCUSSION**

Elder maintains remand is required because the operative complaint is brought expressly pursuant to state law and does not mention federal law. U.S. Bank concedes this fact but argues federal jurisdiction is property because Elder's claims involve a threshold question of federal law. Namely, U.S. Bank maintains that "because Relator's claims cannot be adjudicated without determining which federal escheatment priority rule applies to cashier's checks, the [complaint] necessarily raises a federal question under *Grable*." (Dkt. 23 at 11). Pursuant to the IRUPA, which expressly incorporates the FDA, if cashier's checks constitute a "similar instrument" to a traveler's check or money order, the checks escheat to the place of purchase. 765 ILCS § 1026/15-306; 12 § U.S.C. §§ 2503. If they are not, the IRUPA provides, in accordance with the federal common law rule, that the checks escheat to the state of the last known address of the owner. 765 ILCS § 1026/15-302; *Texas*, 379 U.S. 674.

As a threshold matter, although the IRUPA expressly incorporates the FDA's place-of-purchase rule with respect to traveler's checks, money orders, and "similar instrument[s,]" the determination of whether a cashier's check constitutes a "similar instrument" does not necessarily depend on federal law. The "disposition of abandoned property is a function of the state, a sovereign exercise of a regulatory power over property and the private legal obligations inherent in property. *Delaware v. New York*, 507 U.S. 490, 502 (1993) (internal quotations and citations omitted). If for example, the Illinois legislature or Illinois courts defined or interpreted, respectively, a "similar instrument" to include or exclude cashier's checks, any conflicting argument that cashier's checks do or do not constitute a "similar instrument" under federal law would be a matter of preemption, insufficient to give rise to federal jurisdiction. *Caterpillar*, 482 U.S. at 393 ("[A] case may not be removed to federal court on the basis of a federal defense,

including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only true question at issue."). While neither the Illinois legislature nor courts have provided such interpretative guidance, it is unclear why this omission should result in a finding that the question must be resolved under federal law. States are free to interpret their own statutes, even those incorporating federal law, without reference to federal law. [1] True, these interpretations may not conflict with federal law, but again, that is a matter of preemption. The Bank seems to implicitly concede this in its petition for removal:

> Plaintiff-Relator Ken Elder ("Relator") here improperly brings claims under the Illinois False Claims Act ("IFCA") related to U.S. Bank's escheatment of unclaimed property to one state instead of another. There is no merit to these claims because, among other reasons, federal law determines where unclaimed property should be escheated and preempts the state laws that are the predicate for Relator's allegations of "false claims." Federal law is therefore essential to the allegations in this lawsuit, so U.S. Bank is removing it to federal court.

(Dkt. 1 at 1). U.S. Bank walks back from this position in its briefing, attempting to cloak what is essentially a preemption issue as a necessary federal question under *Grable*. Even if, however, the interpretive dispute regarding cashier's checks is not a matter of preemption, it is not the sort of issue that would give rise to federal jurisdiction under *Grable*.

To reiterate, the type of case conferring federal jurisdiction under *Grable* is extremely rare, particularly considering that the removal statute is already to be interpreted narrowly. *Empire*, 547 U.S. at 701; *Schur*, 577 F.3d at 758. "[I]t takes more than a federal element 'to open the arising under door.'" *Empire*, 547 U.S. at 701 (quoting *Grable*, 545 U.S. at 313). Federal law must be dispositive of the case to give rise to federal jurisdiction. *Id.*; *Chicago Trib. Co. v. Bd. of Trustees*

---

[1] Of course, it may be prudent for a court to consider federal law when interpreting a state statute that explicitly incorporates federal law. In this instance too, however, it is unclear why a federal court must be the one to interpret the law. State courts are courts of general jurisdiction and routinely interpret federal law.

*of Univ. of Illinois*, 680 F.3d 1001, 1004 (7th Cir. 2012). Here, Elder's allegations that U.S. Bank violated the IRUPA and IFCA stand regardless of whether or not cashier's checks are a "similar instrument." Elder takes the position that under the IRUPA cashier's checks are subject to *either* the place-of-purchase rule (if they are "similar instrument[s]") *or* the last-known-address rule (if they are not "similar instrument[s]") and consistently alleges that in either case, U.S. Bank has violated the IRUPA and IFCA. (Dkt. 1-2 at ¶ 15). For example, he alleges that "in 2015, [U.S. Bank] took the position that over 4,389 unclaimed cashier's checks…were properly subject to escheatment in Ohio" even though "[i]t is highly likely that these (and many other) abandoned cashier's checks were purchased in Illinois, and therefore, should have been reported and the amounts owing on them paid to Illinois." (*Id*. at ¶ 37). At the same time, Elder alleges that U.S. Bank's "representations from 2014 to date that it does not know the last address of the owners of all of the cashier's checks it has reported as abandoned to the State of Ohio are false" because its "records contain the last known address of every purchaser/payee owner." (*Id*. at ¶ 38). Consequently, Elder claims U.S. Bank "has knowing failed to report and pay to the State of Illinois the amounts owing on abandoned cashier's checks." (*Id*.) Thus, while the question of which federal escheatment rule applies will need to be addressed, Elder's claims do not ultimately depend on its resolution. Under these circumstances, the complaint does not "necessarily raise" a federal question and application of the *Grable* doctrine is inappropriate. *See accord California ex rel. Elder v. J.P. Morgan Chase Bank, N.A.*, No. 21-CV-00419-CRB, 2021 WL 1217944, at *4 (N.D. Cal. Mar. 31, 2021) (remanding case to state court in related case filed by Elder in California, where Elder alleged that "Defendants have failed to escheat cashier's checks to the State of

California even when the check's payee is also the purchaser and Defendant's records show the payee/purchaser to reside in California."). [2]

## CONCLUSION

For the foregoing reasons, Elder's motion to remand [17] is granted. The Clerk of Court is directed to remand the case to the Circuit Court of Cook County forthwith.

                                                                         _____
Virginia M. Kendall
United States District Judge

Date: October 22, 2021

---

[2] In another related case filed by Elder in Illinois and removed to federal court, the court denied Elder's request for remand on grounds that Elder's nearly identical claims satisfied the *Grable* standard. *Illinois ex rel. Elder v. JPMorgan Chase Bank, N.A.*, No. 21 C 85, 2021 WL 3367155 (N.D. Ill. Aug. 3, 2021). The complaint at issue in that case, unlike the instant complaint, however, explicitly "list[ed] a federal statute as a reason why defendant owes money to the State of Illinois." *Id.* at *4 (citing complaint alleging: "Pursuant to the [IR]UPA and 12 U.S.C. § 2503(1), defendant JPM was required to pay the amounts owing on these checks" to Illinois, "along with a report identifying all such checks.").